A. Harry SKYDELL, Plaintiff,

v.

Fred MATES and Mates Financial
Services, Defendants.

No. 71 Civ. 3199.

United States District Court,
S. D. New York.

June 20, 1972.

Kass, Goodkind, Wechsler & Gersten,
New York City (Stuart D. Wechsler,
New York City, of counsel), for plaintiff.

Stein & Rosen, New York City (David
A. Rosen, New York City, of counsel),
for defendants.

MOTLEY, District Judge.

*Memorandum Opinion and Order*

Plaintiff has moved for class action designation pursuant to Rule 23(c)(1), Fed.R.Civ.P. and Rule 11A of the Civil Rules of this Court, in a case where class action treatment is undoubtedly inappropriate. Defendant Fred Mates (Mates) is the proprietor of defendant Mates Financial Services, an investment advisory service. Plaintiff, a former Mates client, alleges that Mates advised him to purchase and retain 200 shares of Ecological Sciences, Inc. (ECO). His first cause of action is based on alleged misrepresentations made by Mates about the ECO stock, charging a violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and § 206 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b—6. The second cause of action alleges violations of the same statutes by Mates in that he caused Mates Investment Fund, Inc. to sell ECO common stock at the same time he was urging or permitting retention of the stock of ECO by his investment service clients.

Plaintiff seeks to represent "all other investment advisory clients of Mates

Services who were the purchasers of the Capital Stock of ECO between August, 1968 and April 30, 1971" (Amended complaint ¶ 6). He "estimates" that the class numbers more than 75 persons.

Plaintiff has failed to show that "questions of . . . fact common to the members of the class predominate over any questions affecting only individual members", Rule 23(b)(3). The complaint fails to specify any particular instances of misrepresentation to Skydell, let alone to any members of the class. Instead, the complaint mentions undated communications and representations, appending to each the claim that they were made to plaintiff "and other members of the class." This style of pleading drew the not inapt response from defendants that plaintiff "believes a class exists if allegations are made in the plural rather than the singular."

In affidavits submitted on this motion, Mates and other present or former officers of Mates Financial Services state that officers of the Service communicated with customers, including plaintiff, in individual telephone conversations or conferences and by letter. Most instances of communication were in response to inquiries from customers. Therefore, any representations made to plaintiff, fraudulent or otherwise, would not necessarily have been made to other members of the putative class. There is thus a separate question of fact, with respect to each customer, as to whether Mates made fraudulent or misleading statements about ECO stock.

Securities cases predicated on individualized oral or written representations have consistently and correctly been denied class action status. Morris v. Burchard, 51 F.R.D. 530 (S.D.N.Y.1971); Moscarelli v. Stamm, 288 F.Supp. 453 (E.D.N.Y.1968). As the 1966 Advisory Committee said of Rule 23: ". . . a fraud case may be unsuited for treatment as a class action if there was material variation in the representations made or in the kinds or degrees of reliance by the persons to whom they were addressed." 39 F.R.D. 98, 103 (1966).

The differences in representation and reliance present here also mean that plaintiff's claims would not be "typical of the claims or defenses of the class", as required by Rule 23(a)(3). Indeed, it is somewhat doubtful whether there is a "class" at all when the claims are likely to be so varied in factual content.

Even if a class exists, however, there is some question at this point that it is "so numerous that joinder of all members is impracticable." Rule 23(a)(1). Though plaintiff estimates that there were over 75 Mates clients who purchased ECO stock, it is obvious from the complaint that plaintiff has no idea whether or not all these people received misleading or fraudulent information, or relied on such information, or suffered damages as a result. As a matter of logic it would seem that the number of Mates clients in plaintiff's position would number substantially less than the number of clients who purchased ECO stock. Any who actually are situated similarly to plaintiff are free to intervene in his individual action.

Finally, it may be noted in connection with the second cause of action—concerning the Mates Investment Fund's sale of ECO stock without notifying the Mates Financial Service's clients—that Mates and the secretary of Mates Investment Fund, Inc., both swear on personal knowledge that the Fund did not sell any shares of ECO. The likelihood of success on this cause of action does not therefore appear to be very high. Cf. Dolgow v. Anderson, 43 F.R.D. 472, 501 (E.D.N.Y.1968).

For the foregoing reasons the motion is denied.

So ordered.