**Angeline SOPER, Ronald Soper, Clair Traver, Diana Traver, Alice Glose, Individually and on behalf of those similarly situated, Plaintiffs,**

v.

**Anthony F. VALONE, Judith Valone, Paul Eberz, Dennis J. Brophy, Uniplan Financial Group, et al., Defendants.**

**No. CIV–85–434E.**

United States District Court,
W.D. New York.

Nov. 29, 1985.

Bruce Zeftel, Buffalo, N.Y., for plaintiffs.

Joel L. Daniels, Matthew Herdzik, Jr., Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this action alleging numerous claims under federal securities law, a claim under the Racketeering Influenced and Corrupt Organizations Act as well as causes of action under New York's General Business Law and Debtor and Creditor Law, the plaintiffs have moved pursuant to Fed.R. Civ.P. rule 23 for certification of this litigation as a class action. They have asserted that approximately 350 investors are involved in the various limited partnership and general partnership investment programs which underlie this action, that there are numerous common questions of fact and law regarding all potential class members which predominate over questions affecting individual investors, that the named plaintiffs will fairly and adequately represent the class and that maintenance of this action as a class action would be superior to alternative methods of adjudicating this controversy. The defendants have argued that the questions of fact and law surrounding this case are not common but are individual inasmuch as various plaintiffs and potential plaintiffs had invested with different types of entities, had spoken with different investment consultants and had dissimilar financial goals.

Having fully considered the allegations contained in the Complaint as well as the affidavits, memoranda and arguments submitted to this Court regarding the motion, I find that this case is not appropriate for treatment as a class action. Common factual and legal issues do not predominate over the numerous individual questions raised by the various causes of action.

The plaintiffs have contended that this case concerns a common scheme by the defendants to defraud unsophisticated investors by the abusive use of tax shelters that had been formulated and established by the defendants. It is alleged that there had been a systematic failure by the defendants to have supplied investors with prospectuses prior to the point of investment and that misrepresentations and omissions of material information had occurred and that breaches of fiduciary duties had been committed by the defendants as to all plaintiffs. The plaintiffs have argued that the similar presentations and tactics utilized by the defendants in order to garner investments in their valueless entities and the identical violations of federal and state law warrant adjudication of their claims in the milieu of a class action. However, it is evident to this Court from an examination of the Complaint and of the other submissions that have been received during the course of this action that this litigation is not a typical securities fraud case such as would be proper for class action consideration. The bulk of the alleged misrepresentations and omissions had been made orally by certain of the

defendants to individual plaintiffs and therefore class action treatment would not be suitable or expedient. *See Miller v. Central Chinchilla Group, Inc.,* 66 F.R.D. 411 (S.D.Iowa 1975); *Skydell v. Mates,* 59 F.R.D. 297 (S.D.N.Y.1972); *Morris v. Burchard,* 51 F.R.D. 530, 531 (S.D.N.Y. 1971).

> "The misrepresentations and agreements might have been similar with respect to all members of the class, but they were not standardized in the same sense as standardized misrepresentations appearing in a prospectus, financial statements and advertisements and standardized agreements appearing in written documents. * * * Although having some common similarities, these face to face oral misrepresentations are individualized and susceptible of material variations, particularly in view of the disparities in the financial condition of each member. Such differences are not the type of variations which are inherent in the garden variety of securities class actions." *Moscarelli v. Stamm,* 288 F.Supp. 453, 462–63 (E.D.N.Y.1968).

In the case at bar the defendants have denied the plaintiffs' assertion that all investors had not received prospectuses prior to making their investments. It also appears that different defendants had spoken with different plaintiffs and that despite the allegation of a standardized presentation, certain plaintiffs must have had different questions concerning the investment programs. It also appears likely that there had been varying quanta and qualities of investor sophistication among the 350 alleged potential plaintiffs.

The Complaint avers that the plaintiffs had been told by the defendants to deliver to them their tax returns for the last three years, and that the defendants had evaluated the plaintiffs' financial conditions and had directed the plaintiffs to invest substantial sums after having made various representations as to the soundness of the companies in which investments were to be made and the fact that such investments would yield substantial income to the plaintiffs. It is further alleged that the defendants had not disclosed the fact or nature of their interests in the joint ventures and limited partnerships invested in by the plaintiffs, that prospectuses had not been provided until months later and that there had been no disclosure prior to investment of the investment guidelines contained in the eventually received prospectuses. There are additional allegations of promised and never received financial reports, of the plaintiffs' reliance upon the defendants' representations and of certain plaintiffs having been induced to execute "estoppel letters" which have rendered them liable for substantial sums beyond the amount of their original investments. Such allegations, considered in their entirety, have established that, despite the alleged existence of a common scheme and of common legal questions, the primarily oral nature of the alleged conduct by the defendants and the uncommon questions of knowledge of the nature of the investments, reliance, investment sophistication, and damages requires denial of class action certification. *See also In re Scientific Control Corp. Securities Lit.,* 71 F.R.D. 491, 500 (S.D.N.Y. 1976); *Crasto v. Estate of Kaskel,* 63 F.R.D. 18, 22 (S.D.N.Y.1974); *Gatzke v. Owen,* 69 F.R.D. 412, 416 (N.D.Miss.1975); *Goldstein v. Regal Crest, Inc.,* 59 F.R.D. 396 (E.D.Pa.1973) (class action inappropriate in fraud actions where oral misrepresentations and omissions are involved).

For these reasons, it is hereby ORDERED that the plaintiffs' motion for class action certification is denied.