Rodney D. HALFORD, et al. Plaintiffs,

v.

The GOODYEAR TIRE & RUBBER COMPANY, Defendant.

No. 93–CV–291S(H).

United States District Court, W.D. New York.

Jan. 20, 1995.

John Ned Lipsitz; and William E. Grande, Law Offices of E. Joseph Giroux, Jr., Buffalo, NY, for plaintiffs.

Diane F. Bosse, Volgenau & Bosse, Buffalo, NY, for defendant.

## DECISION AND ORDER

SKRETNY, District Judge.

### *INTRODUCTION*

Before this Court are defendant's objections to the Report and Recommendation ("R & R") of the Hon. Carol E. Heckman, United States Magistrate Judge for the Western District of New York, filed August 19, 1994. Magistrate Judge Heckman has recommended that plaintiffs' motion for class certification be granted. For the reasons set forth below, this Court will accept the Report and Recommendation of Magistrate Judge Heckman, and grant plaintiffs' motion for class certification.

### *FACTS*

. On August 19, 1994, Magistrate Judge Heckman filed a Report and Recommendation that plaintiffs' motion for class certification be granted. The facts giving rise to this lawsuit are set forth in the "Background" section of the Report and Recommendation. This Court will not repeat them.

Defendant filed objections ("Objections") to the Report and Recommendation on September 2, 1994. Defendant asserts seven (7) grounds for objecting: (1) the Magistrate Judge improperly determined that the representative parties will fairly and adequately protect the interests of the class (Objections, pp. 2–6); (2) the Report and Recommendation ignored relevant and controlling precedent (Objections, pp. 6–7); (3) the Magistrate Judge wrongly found that plaintiffs have satisfied the typicality requirement of Fed. R.Civ.P. 23(a)(3) (Objections, pp. 7–8); (4) the Report and Recommendation did not address the argument that a Fed.R.Civ.P. 23(a)(2) common question of law or fact does not exist (Objections, pp. 8–11); (5) the Magistrate Judge wrongly recommended that this is a proper Fed.R.Civ.P. 23(b)(2) class (Objections, pp. 11–12); (6) the Magistrate Judge's "Background" erroneously states that the collective bargaining agreements at issue provide for "lifetime benefits" (Objections, pp. 12–13); and (7) the Magistrate Judge's implicit holding that certification would be appropriate under Rule 23(b)(3) is incorrect (Objections, p. 13).

On October 3, 1994, plaintiffs filed a response ("Response") to defendant's objections. Defendant filed a reply ("Reply") on October 24, 1994.

### *DISCUSSION*

This Court will address each of defendant's seven objections in turn.

#### 1. *Antagonism Between Putative Class Members*

Defendant's first objection to the Report and Recommendation is that the representative parties will not fairly and adequately protect the interests of the class. (Objections, pp. 2–6; Reply, pp. 1–5.) Specifically, defendant claims the putative class members have interests antagonistic to each other.

Plaintiffs' complaint demands, among other things, "[i]njunctive relief requiring Goodyear to reinstate and provide the health care benefits negotiated by Goodyear and OCAW for class members and eligible dependents for the duration of their lives . . . ." (Objections, p. 2.) According to defendant, this demand creates conflicting interests among putative class members for the following reason. Defendant has gratuitously enhanced benefits for certain class members beyond

the benefits specified in the collective bargaining agreements. (Objections, pp. 2–3.) The relief plaintiffs request would injunctively require defendant to reinstate benefits to negotiated levels, reducing or cancelling benefits for certain class members. (Objections, pp. 2–3.)

A fair reading of the complaint does not support this objection. Plaintiffs represent that they have brought this action "to vindicate the lifetime character of their benefits," not to eliminate or reduce benefits. This Court agrees that "[t]he Complaint, far from demanding the cancellation of subsequent coverage increases, is calculated to protect minimum contractual rights against unlawful infringement." (Response, p. 5.) An injunction "requiring Goodyear to reinstate and provide the health care benefits negotiated by Goodyear and OCAW for class members and eligible dependents for the duration of their lives" would accomplish just that. While requiring defendant to reinstate and provide certain benefits, it would not prevent defendant from providing additional gratuitous benefits. Reinstatement of negotiated benefits does not, on logic alone, preclude defendant from conferring additional benefits on anyone. This Court agrees with the Magistrate Judge that "defendant has not explained how judgment in favor of the class would require the company to reduce or cancel any retiree or spousal benefits." (R & R, p. 9.)

Since defendant has not demonstrated antagonism among putative class members, there is no need to address its arguments concerning *United Independent Flight Officers, Inc. v. United Air Lines, Inc.*, 572 F.Supp. 1494 (N.D.Ill.1983), *aff'd* 756 F.2d 1274 (7th Cir.1985), and *Crawford v. Marine Midland Bank*, No. 87–777E, 1989 U.S. Dist. LEXIS 18291, 1989 WL 29891 (W.D.N.Y. Mar. 24, 1989).

**2. Controlling Precedent**

Defendant's second objection is that the Report and Recommendation failed to address controlling and persuasive Second Circuit authority. (Objections, pp. 6–7; Reply, pp. 5–6.) Defendant cites three cases for this Court's consideration.

First, defendant argues that *Carroll v. American Federation of Musicians*, 372 F.2d 155 (2d Cir.1967), a case which precedes the 1966 amendments to Fed.R.Civ.P. 23, warrants denial of class certification. (Objections, p. 6.) In *Carroll*, orchestra leaders challenged the control of unions in the music industry. The Second Circuit, holding that the case was not a true class action, noted that many orchestra leaders were willing members of the union. *Id.* at 162. Defendant argues that the case at bar should also not proceed as a class action because certain putative class members face reduced or cancelled benefits if plaintiffs succeed. As already explained, however, defendant has not demonstrated how judgment for the class would require it to reduce or cancel any benefits.

Defendant also argues that under *Gary Plastic Packaging v. Merrill Lynch*, 903 F.2d 176 (2d Cir.1990), and *Soper v. Valone*, 110 F.R.D. 8 (W.D.N.Y.1985), "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the *focus* of the litigation." *Gary Plastic*, 903 F.2d at 180. (Objections, pp. 6–7.) The Magistrate Judge, contrary to defendant's objection, did adequately consider this authority. As she stated, "Rule 23(a)(2) requires only that questions of law or fact be shared by the prospective class. It does not require that *all* questions of law or fact raised be common." (R & R, p. 6.) This Court agrees that "[i]t is the representations made in [successive collective bargaining agreements] upon which the plaintiffs rely for the substance of their federal causes of action, rather than any specific representations that might have been made directly to individual employees." (R & R, p. 6.) The objection therefore is without merit.

**3. Typicality Requirement**

Defendant's third objection is that plaintiffs have not satisfied the typicality requirement of Fed.R.Civ.P. 23(a)(3). (Objections, pp. 7–8; Reply, pp. 6–7.) Defendant argues that plaintiffs have not shown that their interests are co-extensive with those of the

proposed class. (Objections, p. 7.) This argument has already been addressed. Since defendant has not refuted plaintiff's showing that "all members have the same (or coextensive) interest in challenging Defendant's repudiation of its contractual obligation to provide lifetime health care benefits" (Response, p. 13), this objection is rejected.

### 4. *Common Question of Law or Fact*

Defendant's fourth objection is that this matter is not proper for class action adjudication because of the nature of the claims, issues, and facts involved in this case. (Objections, pp. 8–11; Reply, p. 7.) Defendant cites *General Telephone Co. v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), in support of this objection. In *General Telephone*, the Supreme Court stated: "Class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.'" *Id.* at 155, 102 S.Ct. at 2369.

Defendant has not demonstrated why class relief is inappropriate on this basis. The Magistrate Judge found, and this Court agrees, that "the core allegation in the complaint is that defendant is prohibited under federal law from unilaterally modifying the health benefits it provides retirees." (R & R, p. 6.) Even assuming the uncommon factual and legal questions defendant presents, the core issue in this case, as the Magistrate Judge found, is common to the class as a whole.

Further, plaintiffs have satisfied Fed. R.Civ.P. 23(a)(2). Rule 23(a)(2) does not require that all questions of law or fact raised be common. *Dura–Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 93 (S.D.N.Y. 1981). (R & R, p. 6.)

### 5. *Fed.R.Civ.P. 23(b)(2)*

Defendant's fifth objection is to the Magistrate Judge's recommendation that the putative class satisfies Fed.R.Civ.P. 23(b)(2). (Objections, pp. 11–12; Reply, p. 8.) Defendant contends that "[t]he negative impact on . . . putative class members demonstrates that this is not a proper Rule 23(b)(2) class."

(Objections, p. 11.) This Court has already addressed defendant's objection that judgment for the plaintiffs will harm some members of the class.

Defendant also contends that this action is not predominantly injunctive or declaratory and that defendant's conduct is not "generally applicable" to the class. This Court agrees with the Magistrate Judge's discussion on these points and will not repeat it.

### 6. *Erroneous and Superfluous Factual Finding*

Defendant's sixth objection is to the Report and Recommendation's "Background" finding that "[t]he Plan provides lifetime company-paid health care to retirees and survivors of spouses of former employees under identical provisions of successive collective bargaining agreements in effect between 1969 and 1991." (Objections, pp. 12–13; Reply, pp. 8–9.) Since it is not necessary to decide this issue on this motion, resolution as a matter of law at this time is inappropriate.

### 7. *Fed.R.Civ.P. 23(b)(3)*

Defendant's last objection is that Magistrate Judge Heckman implicitly held that certification would be appropriate under Fed. R.Civ.P. 23(b)(3). (Objections, p. 13; Reply, p. 10.) Since "[p]laintiffs do not currently seek certification under Rule 23(b)(3)," the issue is moot and this Court need not resolve it.

### CONCLUSION

After carefully reviewing the Report and Recommendation of Magistrate Judge Heckman, defendant's objections, and the other materials submitted by the parties, and after considering *de novo* the matters raised by defendant, this Court will accept the Report and Recommendation, including the authorities cited and the reasons provided therein. This Court therefore will grant plaintiffs' motion for class certification.

### ORDER

IT HEREBY IS ORDERED, that this Court ACCEPTS the Report and Recom-

mendation of Magistrate Judge Heckman filed August 19, 1994, including the authorities cited and the reasons provided therein.

FURTHER, that plaintiffs' motion for class certification under Fed.R.Civ.P. 23 is GRANTED.

FURTHER, that counsel shall appear before the Magistrate Judge on February 7, 1995, at 11:00 a.m. for the previously scheduled hearing on plaintiff's motion to quash subpoena.

SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This case was referred to the undersigned by Hon. William M. Skretny pursuant to 28 U.S.C. § 636(b) for all pretrial matters and to hear and report on dispositive motions. Plaintiffs have moved for class certification under Rule 23 of the Federal Rules of Civil Procedure. For the reasons that follow, it is recommended that plaintiffs' motion be granted.

### BACKGROUND

This case was filed on April 1, 1993 as a class action on behalf of retired hourly employees of the Goodyear Tire & Rubber Co.'s Niagara Falls Plant. The complaint seeks injunctive and declaratory relief and damages under the Labor Management Relations Act ("LMRA"), the Employee Retirement Income Security Act ("ERISA"), and common law theories of waiver and estoppel. Plaintiffs claim that in December, 1991, defendant unilaterally modified various aspects of its health care benefits plan.[1] The plan provides lifetime company-paid health care to retirees and surviving spouses of former employees under identical provisions of succes-

sive collective bargaining agreements in effect between 1969 and 1991.

On November 1, 1993, Plaintiffs moved for class certification (Item 11). According to plaintiffs, the putative class consists of more than 75 pensioners or surviving spouses affected by defendant's decision to modify lifetime health care benefits.

Defendant opposes class certification. Defendant states that each new benefit level for active employees was generally accompanied by a non-negotiated, gratuitous and unilateral increase of the previous retirees' benefits generally to the same level in the new collective bargaining agreement. According to defendant, since the complaint seeks benefits under the collective bargaining agreement in effect at the time each class member retired, and since defendant has voluntarily raised the level of benefits provided to retirees several times since 1969, judgment on behalf of the class will result in a reduction of the level of benefits for many of the class members. According to defendant, this renders the interest of the class members antagonistic to the representatives as well as to each other. If plaintiffs succeed, the net effect would be that many of the class members will be forced to accept correspondingly lower levels of benefits.

Defendant also argues that a conflict of interest exists because of an agreement between plaintiffs and the union (which negotiated modifications of health benefits for current employees) to help fund this lawsuit. Finally, defendant contends that plaintiffs cannot meet the "commonality" or "typicality" requirements of Rule 23 because the estoppel, waiver and damages claims all require individualized factual inquiries.

### DISCUSSION

Class certification is determined under Rule 23 of the Federal Rules of Civil Procedure, which provides in pertinent part:

---

1. The modifications are as follows:
    a. limiting Medicare Part B contributions to $42.00/month per participant (plaintiff claims this "cap" took effect on January 1, 1992, while defendant contends it will not take effect until 1995);
    b. establishing maximum average cost per retiree at $10,500.00/year for retirees under age

65, and $4,200.00/year for retirees age 65 or older, effective July 1, 1997;
    c. increasing prescription drug co-payments from $1.00 to $5.00; and
    d. implementing a pre-treatment notification requirement for basic hospital coverage.
See December 19, 1991 letter, Item 1, Ex. A; Item 26, ¶ 7.

**(a) Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

**(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . .

Fed.R.Civ.P. 23(a), (b).

The party seeking class certification must establish each of the elements of Rule 23(a), and one of the three categories of class actions described in Rule 23(b). *In re Drexel*

*Burnham Lambert Group, Inc.*, 960 F.2d 285, 290 (2d Cir.1992), *cert. dismissed,* —— U.S. ——, 113 S.Ct. 1070, 122 L.Ed.2d 497 (1993); *see also* 3B *Moore's Federal Practice,* ¶ 23.02–2.

## I. Rule 23(a).

The complaint in this case identifies the class as "all persons entitled to health care benefits deriving from their status as hourly employees of defendant Goodyear's Niagara Falls plant, retired on pension, or as surviving spouses of deceased eligible employees . . . ," Item 1, ¶ 13. There is no dispute that the named representative plaintiffs are members of this putative class.[2] There is also no serious dispute as to the numerosity of the class or the practicality of joinder.

Defendant's opposition to class certification centers on its contention that there is a divergence of interests among class members due to the varying levels of benefits in place under the particular collective bargaining agreement in effect when each of the potential class members retired. Defendant also argues that adjudication of plaintiffs' estoppel and waiver claims will require an individualized inquiry as to the extent of any representations or promises concerning health benefits made to individual employees between 1969 and 1991, making class adjudication inappropriate.

Rule 23(a)(2) requires only that questions of law or fact be shared by the prospective class. It does not require that *all* questions of law or fact raised be common. *Dura–Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 93 (S.D.N.Y.1981). Here, the core allegation in the complaint is that defendant is prohibited under federal law from unilaterally modifying the health benefits it provides retirees. Whether or not this claim has merit, it is common to the class. In addition, although there have been no less than eight different, successive collective bargaining agreements in effect during the relevant period, the language of the clauses providing retiree health care benefits has remained essentially unchanged. It is the representations made in these contractual provisions

---

**2.** On June 29, 1994, plaintiffs moved to amend the complaint to remove Robert A. Bailey, Sr. as a named representative plaintiff. This motion was not opposed by defendant.

upon which the plaintiffs rely for the substance of their federal causes of action, rather than any specific representations that might have been made directly to individual employees.

Under these circumstances, I find that these common questions of law and fact are sufficient to meet the requirement of Rule 23(a)(2).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of the claims or defenses of the class. This element is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir.1968), *vacated on other grounds*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *In re Drexel Burnham, supra*, 960 F.2d at 291.

Here, the allegations are sufficient to satisfy the typicality requirement of Rule 23(a)(3). The class claims all arise from the December, 1991 modification of retiree health care benefits, and each class member has alleged that the modification violates federal labor and pension laws.

Under Rule 23(a)(4), adequacy of representation is measured by two standards. First, class counsel must be "qualified, experienced and generally able" to conduct the litigation. *Eisen v. Carlisle & Jacquelin, supra*, 391 F.2d at 562. Second, the class members must not have interests that are "antagonistic" to one another. *Id.; In re Drexel Burnham, supra*, 960 F.2d at 291. Defendant challenges plaintiffs' showing on both of these standards.

Based on the affidavits, pleadings, and conduct of counsel during court appearances in this case, the court is satisfied with the qualifications and experience of class counsel. Mr. Lipsitz has participated in three class action suits in this district brought on behalf of inmates at the Attica Correctional Facility. Mr. Wodka is lead counsel in a separate proposed class action in this district seeking medical monitoring for employees at defendant's Niagara Falls plant. Mr. Grande has demonstrated ample expertise in federal labor and pension law matters.

Defendant's primary challenge to the adequacy of representation is similar to its challenge to the commonality or typicality of the class claims—*i.e.*, that the interests of class members are antagonistic because many of the class members will face reduction or loss of benefits if plaintiffs prevail. Defendant relies on *United Independent Flight Officers, Inc. v. United Air Lines, Inc.*, 572 F.Supp. 1494 (N.D.Ill.1983), *aff'd*, 756 F.2d 1274 (7th Cir.1985), and *Crawford v. Marine Midland Bank, N.A.*, No. Civ. 87–777E, 1989 U.S.Dist Lexis 18291, 1989 WL 29891 (W.D.N.Y.1989), as examples of cases in which the court denied class certification because of potential divergence of economic interest among class members.

*United* involved an ERISA action brought by current and former airline employees seeking to equalize retirement credits for employees who contributed to a voluntary benefits plan that was subsequently discontinued in favor of an employer-funded retirement plan. The district court noted several possible conflicts between class members, including the potential that judgment resulting in an increase in benefits for retired employees might also result in a decrease in pay for active employees. 572 F.Supp. at 1500. The court also found potentially divergent interests among employees based on the amounts they may have contributed to the voluntary plan before it was discontinued.

In this case, defendant has not produced any evidence of the same kind of potential conflicts presented in *United.* Here, all putative class members are retirees, and there is thus no risk of conflict between active and retired employees. Neither is there any proof that judgment would result in payment of different health care benefit levels to different class members based on employee contributions to the plan.

Furthermore, defendant has not explained how judgment in favor of the class would require the company to reduce or cancel any retiree or spousal benefits, whether contractually or gratuitously conferred. Indeed, a common-sense reading of the complaint indicates that plaintiffs are seeking to *maintain*

the level of health care benefits received by retirees and eligible spouses prior to the limits and restrictions imposed in December, 1991.

*Crawford v. Marine Midland Bank, supra,* does not provide convincing precedent for defendant's opposition. In *Crawford,* the court denied the plaintiffs' motion for class certification without prejudice, finding insufficient evidence to determine whether a potential conflict of interest existed between plaintiffs who had received retroactive retirement benefits and other beneficiaries who may not have received retroactive benefits. The court also noted the plaintiffs' failure to provide information about numerosity and to otherwise demonstrate the necessity for class certification. Indeed, the plaintiffs did not even refer to Rule 23. 1989 U.S.Dist. Lexis at *18 n. 11, 1989 WL 29891 at *5 n. 11.

Assuming that the defendant voluntarily provided gratuitous benefits to certain members of the class over and above what it was contractually obligated to provide, and that the defendant has the right to reduce these benefits, then certain class members may in fact be harmed if benefits are reduced. But this harm would result from defendant's conduct, not from plaintiffs' success in the lawsuit. Furthermore, defendant could reduce the benefits whether the class was certified or not. Accordingly, the consequences threatened by defendant are wholly independent of the plaintiff's success in the lawsuit, and are not within plaintiffs' control. This is not the type of conflict of interest which should defeat class certification.

Accordingly, this court finds that plaintiffs have satisfied all of the requirements of Rule 23(a).

## II. Rule 23(b).

Plaintiffs seek certification of the class under Rule 23(b)(2) on the basis that the relief sought is predominantly injunctive or declaratory. *See Eisen v. Carlisle & Jacquelin, supra,* 391 F.2d at 564 (citing Advisory Committee's Note to 1966 Amendments, at 102). Rule 23(b)(2) certification is "intended to reach situations where a party has taken an action or refused to take action with respect to a class, and final relief of an injunctive

nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate." Fed.R.Civ.P. 23(b)(2) advisory committee's note (1966 amendment); *McGlothlin v. Connors,* 142 F.R.D. 626, 640 (W.D.Va.1992). There are two basic factors which must be present for Rule 23(b)(2) certification: (1) the opposing party's conduct must be "generally applicable" to the class, and (2) final injunctive or corresponding declaratory relief must be requested for the class. *Id.*

In this case, plaintiffs claim that defendants have effected all hourly retirees or eligible spouses by unilaterally reducing health care benefits in violation of promises made in collective bargaining agreements, and in violation of statutory obligations under ERISA. The complaint seeks a judgment declaring that defendant has a contractual obligation to provide lifetime health care benefits to retirees and eligible spouses, as well as an obligation under federal labor and pension laws to refrain from unilateral reduction or termination of those benefits. These claims satisfy the requirements for Rule 23(b)(2) certification. *See Bower v. Bunker Hill Co.,* 114 F.R.D. 587, 596 (E.D.Wash. 1986) (suit by present and future pensioners for reinstatement of medical insurance certified under Rule 23(b)(2), even though claims rested on different collective bargaining agreements).

Plaintiffs alternatively assert that the case is proper for Rule 23(b)(3) certification, which provides the procedural protection of "opting out" and mandatory notice to potential class members of the pendency of the action. However, federal courts have widely adopted the principle that an action maintainable under both (b)(2) and (b)(3) should be certified under (b)(2) "to enjoy its superior *res judicata* effect and to eliminate the procedural complications of (b)(3) which serve no useful purpose under (b)(2)." *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 253 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975) (citing *Van Gemert v. Boeing Co.,* 259 F.Supp. 125, 130–31 (S.D.N.Y.1966)); *see*

also *In re Broadhollow Funding Corp.,* 66 B.R. 1005, 1013 (Bankr.E.D.N.Y.1986).

Accordingly, the court finds that certification under Rule 23(b)(2) is appropriate at this time. Under Rule 23(c), the certification order may be altered or amended as required. *See, e.g., Bower v. Bunker Hill Co., supra,* 114 F.R.D. at 597 n. 5.

### *CONCLUSION*

For the foregoing reasons, it is recommended that plaintiff's motion for class certification (Item 11) be granted.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 30(a)(3), or with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the plaintiff and the defendant.

**SO ORDERED.**

August 19, 1994.