**Robert M. COCO, Jr., individually and on behalf of all others similarly situated, Plaintiff,**

v.

**The INCORPORATED VILLAGE OF BELLE TERRE and Robert J. Walker in his individual and official capacity, Defendants.**

01–cv–5061 (ADS)(ARL).

United States District Court, E.D. New York.

Nov. 26, 2005.

Scott & Scott, LLP, by Jonathan C. Scott, Esq., of Counsel, Smithtown, NY, for Plaintiff.

Rice & Amon, by Terry Rice, Esq., of Counsel, Suffern, NY, L'Abbate, Balkan, Colavita & Contini, L.L.P., by Vincent R. Fontana, Esq., of Counsel, Garden City, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case arises out of claims by the plaintiff Robert M. Coco, Jr., ("Coco" or the "Plaintiff"), individually and on behalf of a class of similarly situated persons, that the defendants the Village of Belle Terre ("Belle Terre" or the "Village") and several of its present and former officials and employees (collectively, the "defendants") created a scheme under which they, under color of law, purported to enforce traffic and other laws and collect purported fines for alleged violations of those laws through a distinct enterprise in violation of, among other things, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., ("RICO") and 42 U.S.C. § 1983 ("Section 1983").

With the exception of names, dates, and several factual details, the allegations in the third amended complaint in this case are virtually identical to the facts alleged in two other cases, Wood v. Incorporated Village of Patchogue, No. 01 Civ. 0229, and Brewer v. Hall, No. 00 Civ. 6072, also purported class action lawsuits filed by the plaintiff's counsel in this Court. Familiarity with the facts, allegations, and procedural histories of this case and its companions is presumed.

Presently before the Court is the plaintiff's motion, by order to show cause, for class certification pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ.P.") 23. The defendants have opposed the plaintiff's motion, arguing that the plaintiff has failed to satisfy the requirements for class certification.

## I. DISCUSSION

### A. The Prerequisites to a Class Action

■ It is well-settled that the movant bears the burden of showing that he satisfies the four prerequisites for a class action set forth in Rule 23(a) of the Federal Rules of Civil Procedure, which provides as follows:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

■ In assessing the instant motion, the Court must accept as true the substantive allegations in the complaint and may not conduct even a preliminary inquiry into the merits of the case. See Caridad v. Metro–North Commuter R.R., 191 F.3d 283, 291 (2d Cir.1999). On the other hand, the Court must rigorously analyze for compliance with the conditions of Rule 23(a). Id. The Court will evaluate the four prerequisites under Rule 23(a), which are often referred to as numerosity, commonality, typicality, and adequacy.

#### 1. Numerosity

■ To show that a class is "so numerous that joinder of the all members is impracticable," the movant is not required to prove that joinder is impossible. Fed.R.Civ.P. 23(a); see also Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir.1993). Also, the movant does not need to show the exact class size or its identity. Robidoux, 987 F.2d at 935. Rather, numerosity hinges on the "examination of the specific facts of each case and imposes no absolute limitations." General Tel. Co. of the Northwest, Inc. v. E.E.O.C., 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980).

■ In the first instance, there is a presumption that joinder is impracticable when forty or more class members exist.

*Robidoux*, 987 F.2d at 936. Nevertheless, a movant may not speculate on the number of class members but rather must provide "some evidence of or reasonably estimate the number of class members." *LeGrand v. New York City Transit Auth.*, No. 95–0333, 1999 WL 342286, at *3 (E.D.N.Y. May 26, 1999) (internal quotation marks and citations omitted). Other relevant factors in this regard include: (1) the judicial economy that will stem from avoiding multiple actions; (2) the geographic dispersion of members of the proposed class; (3) the financial resources of those members; (4) the ability of the members to file individual suits; and (5) requests for prospective injunctive relief that may have an effect on future class members. *Robidoux*, 987 F.2d at 936 (citing 1 Herbert B. Newberg, *Newberg on Class Actions: A Manual for Group Litigation at Federal and State Levels* ("Newberg") § 3.05, at 143 (2d ed.1985)).

■ The plaintiff alleges in this case that the class contains at least 800 persons. Allegedly, Village Court records identify those persons who have been defendants in the Village Court and will bear this estimate out. The defendant disputes this argument, arguing that because some Village Court defendants would not properly be members of any legitimate class, the "proposed number of the class members is far less than the 800 propounded by Coco." The Court does not believe the defendants' argument is sufficient to warrant denial of class certification. Surely it is possible that the actual number class members will be revealed to be less than the 800 proposed by the plaintiff. However, even if this number were substantially reduced, it still would likely far exceed the number generally considered sufficient to satisfy the numerosity requirement. Accordingly, the plaintiff's proposed class meets the Rule 23(a) element of numerosity.

## 2. Commonality

■ The commonality requirement is met if the movant's and the class members' grievances share common questions of law or fact. Fed.R.Civ.P. 23(a); *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir.1997). "Commonality does not mandate that all class members make identical claims and arguments, only that common issues of fact or law affect all class members." *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 198 (S.D.N.Y.1992). "The critical inquiry is whether the common questions are at the 'core' of the cause of action alleged." *D'Alauro v. GC Servs. Ltd. P'ship*, 168 F.R.D. 451, 456 (E.D.N.Y.1996) (citation omitted). That some factual differences between class members may exist does not defeat the commonality requirement. *See Krueger v. New York Telephone Co.*, 163 F.R.D. 433, 439 (S.D.N.Y.1995).

■ Here, the core allegations are that the defendants, without authority to do so, purported to enforce traffic and other laws and collect purported fines for alleged violations of those laws. The commonality requirement is satisfied because the plaintiff's claims arise out of the same alleged course of conduct and legal theories as the proposed class members. In particular, the question most relevant to this case under each of the plaintiff's remaining legal theories, and common to every class member, is whether the defendants were authorized to act in the manner they did with respect to enforcement of the VTL.

## 3. Typicality

■ The element of typicality "is satisfied when each member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux*, 987 F.2d at 936 (citations omitted). "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Id.*

■ Here, again, the plaintiff alleges that the defendants enforced an illegal scheme by which they sought to enforce traffic laws and collect purported fines for alleged violations of those laws. These alleged acts affected both the plaintiff and the proposed class. Accordingly, the typicality requirement is met.

#### 4. Adequacy

To satisfy the adequacy requirement, the movant must show that: (1) class counsel is "qualified, experienced, and generally able to conduct the litigation;" and (2) class members do not have interests that are antagonistic to one another. *In re Drexel Burnham Lambert Group,* 960 F.2d 285, 291 (2d Cir.1992). Counsel for the plaintiff have submitted an affidavit indicating that their firm, Scott & Scott, LLP, has "experience in class action litigation involving exceptionally large classes on the state level." Based on that affidavit, the Court is confident that counsel are qualified, experienced and able to conduct this litigation. Also, the defendants offer no proof that the proposed class members have interests that are antagonistic to one another. Nor does the Court find that there are any conflicts among the proposed class members. Accordingly, the adequacy requirement is also met.

### B. Class Actions Maintainable

Having satisfied the prerequisites under Rule 23(a), the plaintiff must now show that he meets one of the subdivisions of Rule 23(b) to maintain this class action. The plaintiff argues that he satisfies each of the subdivisions requiring that: (1) injunctive or declaratory relief is sought; or (2) common questions of law or fact predominate over individual questions. Fed.R.Civ.P. 23(b)(2) & (3). The Court will evaluate each subdivision.

#### 1. Final Injunctive Relief

Rule 23(b)(2) provides that a class may be certified when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R.Civ.P. 23(b)(2). This Rule "was never intended to cover cases ... where the primary claim is for damages, but is only applicable where the relief sought is exclusively or predominantly injunctive or declaratory." *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 564 (2d Cir.1968); *Goldberg v. Winston & Morrone, P.C.,* No. 95–9282, 1997 WL 139526, at *4 (S.D.N.Y. Mar.26, 1997).

In the third amended complaint, in addition to declaratory and injunctive relief, the plaintiff seeks (1) actual damages from all the defendants; (2) actual damages of not less than $2,500 per violation for its claims under the Driver Privacy Protection Act; (3) nominal damages from all defendants; (4) punitive damages from all the defendants individually except the Village; and (5) treble damages under RICO. Although much of this relief is monetary, the Court sees no harm in certifying an injunctive and declaratory class under Rule 23(b)(2) here because the Court will, as explained below, also certify the proposed classes under Rule 23(b)(3). Certainly the defendants in this case are alleged to "have acted on grounds generally applicable for the class, thereby making appropriate final injunctive relief and declaratory relief with respect to the class as a whole." Accordingly, the plaintiff's motion to certify a declaratory and injunctive class under Rule 23(b)(2) is granted.

#### 2. Common Questions of Law or Fact Predominate

Rule 23(b)(3) provides that a class should be certified where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R.Civ.P. 23(b)(3). "Common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues." *In re Visa Check/MasterMoney Antitrust Litig.,* 280 F.3d 124, 139 (2d Cir.2001).

The Court finds that questions of law or fact common to the members of the class predominate. For example, the core issue is whether the defendants acted within their authority by authorizing and issuing appearance tickets and collecting fines for violations of the New York State VTL. As stated above, this issue affects the plaintiff and all of the proposed class members. All the plaintiffs will presumably rely on the same proof to establish the existence and legality, or lack of legality, of this practice.

■ In addition, a class action is superior to other available methods. Given the large number of potential plaintiffs and the commonality of their claims, certifying the class will allow a more efficient adjudication of the controversy than individual adjudications would do. Moreover, "the interest of members of the class in individually controlling the prosecution of separate actions is minimal, as the costs and expenses of bringing individual suits would far exceed any individual recoveries." *In re Ashanti Goldfields Sec. Litig.*, 2004 WL 626810, at *17 (E.D.N.Y. Mar.30, 2004).

■ Because the Court certifies this action under Rule 23(b)(3), the plaintiff must give notice to the absent class members. *See* Fed.R.Civ.P. 23(c)(2). That notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them [a]n opportunity to present their objections." *Eisen*, 391 F.2d at 568 (internal quotation marks and citation omitted). Here, the plaintiff has not provided any information concerning the kind of notice that would satisfy Rule 23(c)(2). Accordingly, the Court directs the plaintiff to submit papers within 20 days of the date of this decision detailing the kind of notice he believes is best suited to give notice to the absent class members consistent with Rule 23(c)(2).

Based upon the foregoing, the Court certifies the following classes as defined in the Order to Show Cause, dated November 14, 2005:

(a) all persons whose personal information was knowingly obtained or disclosed, from a motor vehicle record, for any use not permitted under 18 U.S.C. § 2721(b), by The Village of Belle Terre through its agents or employees (the "DPPA Class") from September 13, 1997 to the present date;

(b) all persons who were stopped and detained by any Village of Belle Terre employee purporting to be a police officer, constable, park ranger, and/or code enforcement officer from July 30, 1998 to the present date (the "Detention Class"); and

(c) all persons who were stopped and detained by any Village of Belle Terre employee purporting to be a police officer, constable, park ranger, and/or code enforcement officer and/or who have paid or been directed to pay amounts of money to Belle Terre and/or the Belle Terre village justice court in relation to purported citations and/or appearance tickets issued by any Village of Belle Terre employee purporting to be a police officer, constable, park ranger, and/or code enforcement officer from July 30, 1995 to the present date (the "Ticketed Class").

Finally, the instant decision is a conditional certification which the Court may amend or alter before the decision on the merits in light of any changes in circumstances that make such action advisable. *See* Fed. R.Civ.P. 23(c)(1) (stating that a court may issue a conditional class certification order that "may be altered or amended before the decision on the merits.").

## II. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the plaintiff's motion for class certification is GRANTED; and it is further

**ORDERED**, that there shall be certified an injunctive or declaratory relief class under Fed.R.Civ.P. 23(b)(2), and it is further

**ORDERED**, that the following classes are certified pursuant to Fed.R.Civ.P. 23(b)(3):

(a) all persons whose personal information was knowingly obtained or disclosed, from a motor vehicle record, for any use not permitted under 18 U.S.C. § 2721(b), by The Village of Belle Terre through its agents or employees (the "DPPA Class") from September 13, 1997 to the present date;

(b) all persons who were stopped and detained by any Village of Belle Terre employee purporting to be a police officer, constable, park ranger, and/or code enforcement officer from July 30, 1998 to the present date (the "Detention Class"); and

(c) all persons who were stopped and detained by any Village of Belle Terre employee purporting to be a police officer, constable, park ranger, and/or

code enforcement officer and/or who have paid or been directed to pay amounts of money to Belle Terre and/or the Belle Terre village justice court in relation to purported citations and/or appearance tickets issued by any Village of Belle Terre employee purporting to be a police officer, constable, park ranger, and/or code enforcement officer from July 30, 1995 to the present date (the "Ticketed Class"); and it is further ordered

**ORDERED,** that the plaintiff is appointed class representative and his counsel, Scott & Scott, LLP, attorneys for the Class; and it is further

**ORDERED,** that the plaintiff is directed to submit papers within 20 days of the date of this decision, detailing the notification he believes is best suited to give notice to the absent class members consistent with the provisions of Rule 23(c)(2).

**SO ORDERED.**