**Nellie BUTTERWORTH, Plaintiff,**

v.

**QUICK & REILLY, INC., Defendant.**

No. 96–1310–CIV.–T–17–B.

United States District Court,
M.D. Florida.

April 11, 1997.

---

**320**

Joel A. Goodman, Kalju Nekvasil, Stephen Craig Krosschell, Goodman & Nekvasil, P.A., Safety Harbor, FL, Mark J. Heise, Michael A. Hanzman, Michael E. Criden, Hanzman Criden Korge Hertzberg & Chaykin, P.A., Miami, FL, for plaintiff.

Nancy A. Copperthwaite, Bennett Falk, Morgan, Lewis & Bockius, Miami, FL, for defendant.

### ORDER DENYING MOTION FOR CLASS CERTIFICATION

KOVACHEVICH, Chief Judge.

This cause of action is before this Court on Plaintiff's Motion for Class Certification, filed July 26, 1996, (Dkt.8); Plaintiff's Memorandum of Law in Support of Her Motion for Class Certification, filed July 26, 1996, (Dkt.9); Defendant's Memorandum in Opposition to Motion for Class Certification, filed February 27, 1997, (Dkt.36); and Plaintiff's Reply Memorandum in Support of Her Motion for Class Certification, filed March 18, 1997 (Dkt.43). This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Quick & Reilly, Inc. is a national brokerage firm with the business unit in question located in St. Petersburg, Florida. The complaint alleges that the Quick & Reilly, Inc. branch located in St. Petersburg, Florida did not register as required under § 517.12(5) of the Florida Securities and Investor Protection Act (Florida Securities Act).

### FACTS

Plaintiff asserts the following alleged facts within the complaint in support of her Motion for Class Certification:

1. Quick & Reilly, Inc. failed to register its St. Petersburg branch office, and thereby violated § 517.12(5) of the Florida Securities Act;

2. The failure to disclose to the Class Members that this branch office was not registered constituted an untrue statement of material fact or omission to state a material fact, in violation of § 517.301(*l* )(a)(2) of the Florida Securities Act;

3. Conducting business at this branch office in violation of Florida law was a devise, scheme, or artifice to defraud and was a transaction, practice, or course of business which operated or would operate as a fraud or deceit upon a person, in violation of §§ 517.301(1)(a)(1) and 517.301(1)(a)(3) of the Florida Securities Act;

4. Purchasers or sellers of securities through this branch office are entitled to rescission or damages pursuant to § 517.211 of the Florida Securities Act;

5. Quick & Reilly, Inc. breached its contracts with the Class members, the State of Florida, and self-regulatory organizations by failing to comply with Florida law with respect to its dealings with the Class members; and

6. Quick & Reilly, Inc.'s failure to register constituted fraud in the inducement, breach of fiduciary duty or negligence.

Additionally, the plaintiff's attorneys before the filing of a law suit or the Motion for Class Certification placed an advertisement a St. Petersburg's newspaper which read in part:

ATTENTION: QUICK & REILLY, INC. CUSTOMERS INVESTORS WITH QUICK & REILLY MAY HAVE A LEGAL RIGHT TO RECOVER ALL LOSES.

The plaintiff became a party to the lawsuit through her inquiry of the law firm based upon the advertisement.

### DISCUSSION

Plaintiff has brought this action pursuant to Rule 23 of the Federal Rules of Civil

Procedure and seeks to have this cause certified as a class action. The Rule provides:

(a) One or more members of a class may sue or be sued as representative parties on behalf of all only if;

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative class are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

## STANDARD OF REVIEW

The party requesting a class action has the burden of showing all the prerequisites of Rule 23 are satisfied. *See Barlow v. Marion County Hospital District*, 88 F.R.D. 619, 623 (M.D.Fla.1980). "Determination of the question whether a lawsuit may proceed as a class action is committed to the sound discretion of the district court, and its determination will not be overturned absent a showing that it has abused its discretion." *In Re Dennis Greenman Securities Litigation*, 829 F.2d 1539, 1543–44 (11th Cir.1987).

### Numerosity

To satisfy the numerosity requirement, the prospective class must be "so numerous that joinder of members is impracticable." Fed. R.Civ.P. 23(a)(1). In the current case, the plaintiff does not specifically state the number of possible members within the motion or memorandum. However in *Kreuzfeld A.G. v. Carnehammar*, 138 F.R.D. 594, 599 (S.D.Fla. 1991), the court certified a class of approximately 130 investors and stated that even twenty-five (25) to thirty (30) investors would satisfy the numerosity requirement. In addition, within the defendant's memorandum in opposition to the class action the defendant does not raise the numerosity issue. Therefore, this Court agrees with the plaintiff that the numerosity requirement is met.

### Commonality

The second requirement under Rule 23 is that class certification action requires that there be a common question of law or fact. The "questions of law or fact common to the members of a class [must] predominate over any questions affecting individual members." *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372–73, 72 L.Ed.2d 740 (1982). The current case regards failure to register, and the common law claims of fraud in the inducement and negligence or negligent misrepresentation. However, Quick & Reilly, Inc. acknowledged they failed to register when the office moved from 5th Avenue in St. Petersburg to 22nd Avenue in St. Petersburg.

Under Florida Law, the plaintiff must prove certain essential elements for fraud in the inducement, or negligent misrepresentation;

1) a material misrepresentation or omission

2) upon which the plaintiff reasonably and justifiably relied.

*See In Re Cascade Intern. Securities Litigation*, 840 F.Supp. 1558, 1584 (S.D.Fla.1993); *see also In Re Sahlen & Assocs., Inc. Securities Litigation*, 773 F.Supp. 342, 371 (S.D.Fla.1991); *E.F. Hutton & Co. v. Rousseff*, 537 So.2d 978, 981 (Fla.1989). Additionally, each individual must prove reliance on the misrepresentation. *Sahlen*, 773 F.Supp. at 371. The "fraud on the market theory" is unavailable in Florida. *Id.* at 371. Therefore, under Florida law each individual would still need to prove both materiality and reliance.

The Supreme Court has defined that the materiality of a particular statement or omission must be measured on the "total mix" of other information available to the investor, and the investor's intentions in making the investment. *See Basic Inc. v. Levinson*, 485 U.S. 224, 231–32, 108 S.Ct. 978, 983–84, 99 L.Ed.2d 194 (1988). The plaintiff argues that the materiality issue should not be addressed at the current time because it is a merit issue verse a class certification issue. This Court is not delving into the merits of the case, but is deciding if the materiality question will affect the commonality of the class question. This Court holds that the materiality question does affect the commonality issue.

Next, the plaintiff argues that the causation and reliance factors stated within the

defendant's memorandum in opposition to the class certification are inapplicable at the current time. This Court agrees with the plaintiff as to causation but not reliance. In *Bruschi v. Brown*, 876 F.2d 1526, 1529 (11th Cir.1989), the court developed factors in deciding on an investors reliance or lack of reliance upon omissions or misrepresentations:

> (1) the sophistication and expertise of the plaintiff in financial and securities matters; (2) the existence of long standing business or personal relationships between the plaintiff and the defendant; (3) the plaintiff's access to relevant information; (4) the existence of a fiduciary relationship owed by the defendant to the plaintiff; (5) concealment of fraud by the defendant; (6) whether the plaintiff initiated the stock transaction or sought to expedite the transaction; and (8) the generality or specificity of the misrepresentation.

Thus the reasonable reliance inquiry will differ with each class member, as each of the factors inevitably will. *See O'Neil v. Appel,* 165 F.R.D. 479 (W.D.Mich.1996); *see also Kelley v. Mid–America Racing Stables, Inc.,* 139 F.R.D. 405, 408 (W.D.Okla.1990).

Since Florida law does not recognize the "fraud on the market" theory of reliance, "[r]equiring proof of individualized reliance from each member of the proposed plaintiff class effectively ... [prevents plaintiff] from proceeding with a class action, since individual issues ... would [overwhelm] the common ones." *Basic Inc. v. Levinson,* 485 U.S. 224, 242, 108 S.Ct. 978, 989, 99 L.Ed.2d 194 (1988). Therefore, this Court agrees with the defendant that the commonality requirement is not met.

### Typicality

The Federal Rules require that the claims of the named plaintiff be typical of the claims of the class. Fed.R.Civ.P. 23(a)(3). The plaintiff argues that the plaintiff's claim is typical of all other claims within the class. However, as the defendant has shown, and this Court concurs, the commonality aspect of Rule 23 is missing. The named representative must have the "same essential characteristics as the claims of the class at large." *Kreuzfeld A.G. v. Carnehammar,* 138 F.R.D.

594, 598–99 (S.D.Fla.1991). In the current case the plaintiff has failed to establish how the named representative's reliance is equal to the classes reliance. Therefore, this Court agrees with the defendant on this issue and the typicality requirement is not met.

### Adequacy of Representation

Under Federal Rule of Civil Procedure, Rule 23(a)(4) the plaintiff must provide fair and adequate protection for the interests of the class. The adequacy requirement is two fold: first "[p]laintiff must demonstrate that she will vigorously prosecute the action and [second] plaintiff must provide adequate financing and competent counsel." *Brooks v. Southern Bell Telephone & Telegraph Co.,* 133 F.R.D. 54, 56 (S.D.Fla.1990). In addition, "the named plaintiff [must have] interests in common with, and not antagonistic to, the class members' interests; and plaintiff's attorneys are qualified, experienced, and generally able to conduct litigation." *Kirkpatrick v. J C. Bradford & Co.,* 827 F.2d 718, 722–28 (11th Cir.1987).

However, if the named plaintiff's "participation is so minimal that they virtually have abdicated to their attorneys the conduct of the case" then the class must not be certified. *Kirkpatrick,* 827 F.2d at 728. In addition, a court should conduct an "inquiry into the knowledge of the representative ... to ensure that the party is not simply lending [her] name to a suit controlled entirely by the class attorney." *Id.*

The plaintiff asserts that she understands her obligations as class representative, and has sufficient knowledge of the case and cause of action to be a qualified class representative. Plaintiff further asserts that she tracked her investments with Quick & Reilly, Inc. carefully, and understands the basis of the lawsuit.

The defendant argues that plaintiff is an inadequate class representative; asserting that the plaintiff is unfamiliar with the facts of the case, and does not understand the issues sufficiently to be a named representative. The defendant further asserts that a "[p]laintiff [who] fails to demonstrate that she is familiar with the facts of her case

sufficiently enough to represent the proposed class" cannot be named as class representative. *Dalton v. FMA Enterprises, Inc.,* 1996 WL 379105 (M.D.Fla. July 1, 1996). The defendant, within its memorandum in opposition to class certification, then gives numerous occasions from the deposition of the plaintiff and asserts that plaintiff has very little or no knowledge of the facts of the case or cause of actions.

Other courts have held that a plaintiff that does not understand the facts of the case, or her own claim cannot fulfill the role of class representative. *Wein v. The Master Collectors, Inc.,* 1995 WL 550475, *4 (N.D.Ga. Aug.16, 1995); *see also Welling v. Alexy,* 155 F.R.D. 654, 659 (N.D.Cal.1994) (holding that a class certification will be denied if it appears the representative has ceded control to the lawyers.); *Koenig v. Benson,* 117 F.R.D. 330, 337 (E.D.N.Y.1987) (stating that a class representative was inadequate where the class representative did not read complaint before it was filed, and the representative's understanding of the cause of action was weak.); *Massengill v. Board of Education, Antioch Community High School,* 88 F.R.D. 181, 186 (N.D.Ill.1980) (holding that a representative must have some minimal awareness about the class, and at least some knowledge of the essential issues of the case.); *Greene v. Brown,* 451 F.Supp. 1266, 1276 (E.D.Va.1978) (stating the representative must be a person of sufficient discretion "to be reasonably able to make the decisions which necessarily fall to the client in the management of the lawsuit.")

This Court agrees with the defendant. The plaintiff fails to demonstrate that she is familiar with the facts of the current case sufficiently enough to represent the proposed class. Additionally, the plaintiff does not show knowledge of the essential issues of the case. This Court determines that due to plaintiff's unfamiliarity with the facts and essential elements of the case, plaintiff is not able to adequately protect the interests of the class. Therefore, the plaintiff is not qualified to act in the capacity of class representative.

## CONCLUSION

Plaintiff has failed to meet the requirements of Federal rule of civil Procedure, Rule 23. Accordingly, it is

ORDERED that plaintiff's Motion for Class Certification (Docket No. *8*) be Denied.

It is further Ordered that plaintiff's individual claims will proceed forward as asserted in the complaint.