**Dawn P. BYES, et al.,**

v.

**TELECHECK RECOVERY SERVICES, INC., et al.**

Civil Action No. 94–3182.

United States District Court, E.D. Louisiana.

June 13, 1997.

Patrick D. Breeden, New Orleans, LA, for plaintiffs.

Paul L. Peyronnin, Phelps, Dunbar, L.L.P., New Orleans, LA, for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

Plaintiff Dawn Byes brought this purported class action against defendants Telecheck Recovery Services, Inc. (Telecheck), John D. Chaney, Randolph L.M. Hutto, and Raymond M. Emmons. Byes' class action complaint alleges that the defendants are debt collectors and that they violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev.Stat. ann. § 51:1401, *et seq.*,[1] and Louisiana Civil Code article 2315.[2] Byes seeks to hold the individual defendants, who are corporate officers of Telecheck, liable by piercing the corporate veil. The court addresses here Byes' motion for class certification.

Byes' claims are based on five letters sent to her by Telecheck seeking to collect on two "non-sufficient funds" (NSF) checks totaling $450.35. The checks were written on Byes' checking account to Nine West Shoe Store. Byes denies that she wrote these checks and alleges that they were written on a checking account opened in her name by a person who stole her identification card and forged her signature.

The five letters sent to Byes by Telecheck are attached to the Amended Complaint and are identified as Exhibits E through I. Exhibits "E" and "G" contain identical language, except for the amount demanded. Exhibits "F", "H", and "I" each contain different language. Byes alleges various violations of the FDCPA with respect to each of the five letters. She also alleges that each separate letter is a deceptive, coercive, and illegal debt collection practice in violation of Louisiana law.

1. Byes is statutorily prohibited from maintaining a class action for actual damages under the Louisiana Unfair Trade Practices and Consumer Protection Law. *See* § 51:1409(A).

2. Article 2315 provides a cause of action in tort for fault causing damage to another.

Byes seeks certification of a class defined as "all individuals within Louisiana who were sent collection letters similar to the letters attached to this amended complaint as Exhibits E–I by defendant Telecheck on or after September 30, 1993 in connection with debts shown by defendants' or the creditor's records to have been incurred for personal, family, or household purposes." Amended Complaint ¶ 15. She also proposes a subclass defined as "all individuals in Louisiana from whom defendants have collected or attempted to collect any charge beyond the principal amount of the alleged debt in connection with debts shown by defendants' or the creditor's records to have been incurred for personal, family, or household purposes." Amended Complaint ¶ 16.

■ The FDCPA expressly provides for a class action. *See* 15 U.S.C. § 1692k(a)(2)(B). A plaintiff seeking class certification has the burden to establish that the requisites for certification are present. All of the requirements of Federal Rule of Civil Procedure 23(a) and one of the three categories under subdivision (b) must be satisfied. Fed. R.Civ.P. 23. Byes seeks to certify this class pursuant to Rule 23(a) and (b)(3).[3]

■ Rule 23(a) requires that four conditions be met for a proposed class action to be certified. The four requirements are: (1) numerosity; (2) typicality; (3) commonality; and (4) adequacy of representation. Fed. R.Civ.P. 23(a). *Applewhite v. Reichhold Chems., Inc.,* 67 F.3d 571, 573 (5th Cir.1995). Under Rule 23(b)(3), a plaintiff must show predominance of common issues over individualized ones, and that a class action is superior to other available means for the fair and efficient adjudication of the controversy. *Id.*

The defendants challenge all of the prerequisites to certification except numerosity.

### Commonality

■ Rule 23(a)(2) requires that there are "questions of law or fact common to the class." This is met when there is "at least one issue whose resolution will affect all or a significant number of the putative class members." *Stewart v. Winter,* 669 F.2d 328, 335 (5th Cir.1982). "This provision does not require complete identity of legal claims among the class members." *Id.* Byes alleges that common questions of law and fact exist because Byes' claims "are based on defendants' regular and routine collection practices, primarily the mailing of form letters which do not vary significantly, if at all, among individual class members." Amended Complaint at ¶ 18.

■ Contrary to Byes' allegations, each of the five letters at issue is different in form and content, except for Exhibits "E" and "G" which differ only as to the amount sought to be collected. Each letter, including the two identical letters, is alleged to have violated the FDCPA in different ways.

Telecheck established by affidavit that within one year prior to the date the complaint was filed it sent approximately 10,424 notices similar to Exhibits "H" and "I" to Louisiana consumers, approximately 71 notices similar to Exhibit "F," and approximately 2,453 notices similar to Exhibit "E." The court has no evidence regarding the number of letters sent similar to Exhibit "G." From this information, it is clear that all class members did not receive all five letters.

Even so, if all proposed class members received at least one of the five letters in common, then commonality is satisfied. *See D'Alauro v. GC Serv. Ltd. Partnership,* 168 F.R.D. 451, 456 (E.D.N.Y.1996). There is, however, no evidence before the court to reach that conclusion. Therefore, this case is distinguishable from the following cases cited by Byes in which at least one letter was received by all class members. *See e.g., D'Alauro,* 168 F.R.D. 451 (certifying class action where all proposed class members received each of the two identical letters); *Gammon v. GC Serv. Ltd. Partnership,* 162 F.R.D. 313 (N.D.Ill.1995) (certifying class action where proposed class was defined as all persons who received the same, single form collection letter); *Avila v. Van Ru Credit*

---

3. Plaintiff also sought in her amended complaint to certify a class for injunctive relief under Rule 23(b)(2). As injunctive relief is not mentioned in Byes' motion to certify, the court finds that she has abandoned this claim.

*Corp.*, 1995 WL 41425 (N.D.Ill.1995) (certifying class action where all letters contained the same illegal characteristics); *Carr v. Trans Union Corp.*, 1995 WL 20865 (E.D.Pa. 1995) (certifying class action where only one form letter was sent to all proposed class members); *Colbert v. Trans Union Corp.*, 1995 WL 20821 (E.D.Pa.1995) (certifying class action involving only one form letter which was received by all proposed class members); *Vaughn v. CSC Credit Serv. Inc.*, 1994 WL 449247 (N.D.Ill.1994) (certifying class of all persons who received one particular form letter); *Beasley v. Blatt, Hasenmiller, Liebsker, & Moore*, 1994 WL 362185 (N.D.Ill.1994) (certifying class action involving only one form letter); *Brewer v. Friedman*, 152 F.R.D. 142 (N.D.Ill.1993) (certifying class action where only one form letter was at issue).

Even though Byes has failed to establish that all proposed class members received at least one letter in common, the court finds that in the broadest sense, there is the common issue of whether Telecheck violated the FDCPA by sending the letters. *See Dalton v. FMA Enter., Inc.*, 1996 WL 379105, at *4–5 (M.D.Fla.1996).

▮ In addition, Byes has alleged certain violations of the FDCPA common to all five letters: § 1692e(2)(B), based on falsely representing the compensation which could be lawfully received by the debt collector, as including a service charge; and §§ 1692e(10) and 1692f based on attempting to collect the principal amount of a debt with a threat to later attempt to collect a service charge which was not expressly authorized in the instrument creating the debt or permitted by law. Review of the five letters shows that each letter does indeed include a $20.00 service fee for each NSF check. Whether this fee was legally collectable depends on an individual factual determination of whether

the collection of the fee was authorized by agreement creating the debt or by law. *See* § 1692f(1). Individual factual assessments do not prevent the court from finding commonality. One common legal or factual issue is sufficient to satisfy commonality, *Dalton*, 1996 WL 379105, at *5, and it need not be important or controlling, *Buford v. H & R Block, Inc.*, 168 F.R.D. 340, 349 (S.D.Ga. 1996).

### *Typicality*

▮ Rule 23(a)(3) requires that the claims of the proposed class representative be typical of the claims of the proposed class. The focus is on the general similarity of the representative's legal and remedial theories and the legal and remedial theories of the proposed class members. *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir.1986). A named plaintiff's claim is typical is "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and his or her claims are based on the same legal theories." 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3–13, at 3–76 (3d Ed.1992).

▮ Byes alleges that "[t]he claims of the individual plaintiff are typical of the members of the class ... [b]ecause the content of the form of the letters is believed to be consistent, the violations of law involving form letters received by the representative plaintiff are identical for each class member who has received similar letters." Amended Complaint at ¶ 19.

As explained in the foregoing section addressing commonality, each of the five letters, including the two with identical language, are alleged to have violated the FDCPA in different ways: Byes alleges violation of §§ 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5) [4] in Exhibit "E" only; a violation

---

4. § 1692g(a)(3), (4), and (5) provide that:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector:

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

of § 1692e(2)(A) [5] in Exhibits "E," "G," "H," and "I," but not "F"; a violation of § 1692d [6] in Exhibits "E," "F," and "G," but not "H" or "I;" and a violation of § 1692e(2)(B) [7] and (10) [8] and § 1692f [9] in all five letters.

Byes received all five letters. The fact that all five letters are alleged to violate three of the same sections of the FDCPA, does not establish typicality in view of the variations in each letter's content, the other alleged violations which are different for each letter, and that all class members did not receive all five letters. Furthermore, the class is defined as persons who were sent letters. Class members who never received

their letters would not have claims typical of Byes who received all five letters.

Considering these facts, the court finds that Byes has failed to show that her claims are typical of the proposed class members. *See Hall v. National Recovery Sys., Inc.,* 1996 WL 467512, at * 3–4 (M.D.Fla.1996); *Dalton,* 1996 WL 379105, at *5; *Mace v. Van Ru Credit Corp.,* 1995 WL 549088, at *5 (N.D.Ill.1995).

### *Adequacy*

Rule 23(a)(4) requires that the representative fairly and adequately protect the interests of the class. Generally, the adequa-

---

verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

5. § 1692e(2)(A) provides that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt.

6. § 1692d provides that:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 603(f) or 604(3) of this Act [15 U.S.C. §§ 1681a(f) or 1681b(3)].

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 804 [15 U.S.C. § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

Byes alleges that Telecheck violates § 1692d by demanding payment within a certain number of days in an undated letter. It is not clear to the court how such conduct violates any of the provisions of § 1692d, but the merits of any claims will not be addressed herein.

7. § 1692e(2)(B) provides that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

8. § 1692e(10) provides that:

A debt collector may not use any false, deceptive, or misleading, representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

9. Section 1692f provides in pertinent part that:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

cy requirement focuses on the competency of class counsel, but it is clear that some inspection of the individual representative is required. *See Jenkins,* 782 F.2d at 472, 7 Wright and Miller, *Federal Practice and Procedure,* § 1766.

The defendants challenge Byes' adequacy as a class representative based on her unfamiliarity with the proceedings in this case, her lack of credibility, and her criminal conviction for theft. Defendants contend that the evidence demonstrates that Byes has relinquished unfettered control over this case to her lawyers.

In addition, the defendants contend Byes' attorneys Patrick Breeden and Steve Conley are inadequate representatives because they failed to communicate with her, including the facts that there has been a settlement with one party in this case,[10] and that both Telecheck and the plaintiff have made settlement proposals.[11]

A class representative is not required to understand the meaning of complex legal terms or to direct litigation strategies. A representative should, however, have some awareness of the basic facts underlying a suit. Courts have found the proposed representative inadequate in numerous cases due to the plaintiff's unfamiliarity with the suit. *See e.g., Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 728 (11th Cir.1987) (if the named plaintiff's "participation is so minimal that they virtually have abdicated to their attorneys the conduct of the case" then the class must not be certified); *Butterworth v. Quick & Reilly Inc.,* 171 F.R.D. 319, 323 (M.D.Fla.1997) ("plaintiff fails to demonstrate that she is familiar with the facts of the current case sufficiently enough to represent the proposed class"); *Dalton,* 1996 WL 379105, at *6 (plaintiff found to be inadequate because of unfamiliarity with facts of case and who she represents); *Wein v. Master Collectors, Inc.,* 1995 WL 550475, at *2 (N.D.Ga.1995) ("if the class representative's

participation in the litigation is so minimal that she has essentially abdicated her role as representative to class counsel, class certification is properly denied"); *Greenspan v. Brassler,* 78 F.R.D. 130, 133 (S.D.N.Y.1978) (plaintiffs found inadequate where they demonstrated an "alarming unfamiliarity" with the suit); *Seiden v. Nicholson,* 69 F.R.D. 681, 688–89 (N.D.Ill.1976) (finding that plaintiffs "are inadequate class representatives because of their lack of knowledge of the instant case. The deposition of the individuals indicate a substantial lack of familiarity with the facts of this case.")

The defendants cite excerpts from Byes' deposition testimony which reveal that she has no knowledge of the status of this case and has not reviewed most of the pleadings filed with the court. She is not aware of court hearings and deadlines; she is not aware of a prior settlement or settlement negotiations; she is not aware of the court or judge presiding over this case; she has not seen any of the opinions issued by this court; and she is not aware of her duties as proposed class representative.

In contrast to this evidence, there is other deposition testimony from Byes which shows that she "looked at" the lawsuits before they were filed. Depo. p. 61. She knows that Telecheck is a defendant and that it is a company that collects bad checks. She understands that she is suing Telecheck to "stop Telecheck from ... harassing people with the letters they send out and what they put in their letters, as far as what they tell you in the letters." Depo. at 64. Specifically, she believes that they improperly threatened her and charged a $20 fee. She knows that this suit was filed as a class action, and she understands in very basic terms what a class action is. Depo. at 77, 79. She is aware that as a class representative she is "representing everybody in the class." Depo. at 100.

**10.** This settlement was with the defendant Southern Telecheck, Inc.

**11.** Defendants also contend that Edelman & Combs, plaintiff's co-counsel, are not adequate representatives because they have been found

inadequate, as well as subjected to severe sanctions, in other cases. As Edelman & Combs withdrew three days after defendants filed the pleading questioning their adequacy, this point of contention is moot.

Byes' deposition testimony shows that she has a substantial lack of knowledge about the status of these proceedings and the details of her claims. She does have, however, a basic understanding about the nature of this suit which might be sufficient to render her adequate to represent the class were there no other problems regarding adequacy. *See Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 366, 86 S.Ct. 845, 847–48, 15 L.Ed.2d 807 (1966) (where named plaintiff had retained adequate counsel and spoke little English, defendant could not defeat class certification where the named plaintiff did not understand her complaint at all, could not explain the statements in it, had little knowledge of what the lawsuit was about, did not know the defendants by name, nor even the nature of the misconduct of the defendants). That Byes is not aware that she has any duties as a class representative or what those duties might entail is, when considered with other factors tending show abdication of her responsibilities to counsel and their corresponding failure to communicate important information to her, of more concern to the court than her rudimentary knowledge about her legal claims. *Cf. Mace,* 1995 WL 549088, at *6–7 (finding adequacy despite lack of knowledge about factual allegations in the complaint where plaintiff understood the basic nature of the suit as well as her duties as a class representative), *rev'd on other grounds,* 109 F.3d 338 (7th Cir.1997).

With respect to Byes' credibility problems, the defendants challenge the veracity of her allegation that the bad checks in this case were written by someone who stole her identification card. The defendants offered the opinion of a handwriting expert who states that it is "highly probable" that the signature on the "forged" checks are the same as Byes'. Byes contends that whether she or someone else wrote the checks is not relevant to the issues in this case, and also offers witness testimony to support her claim that the checks were forged. The court agrees with Byes that the scenario of how the checks came to be written is not particularly relevant to the claims at issue in this case.

The defendants also raise the fact that Byes has a criminal conviction for theft as ground for finding that she is not credible or suitable as a class representative. A criminal record is not per se disqualifying. *See Haywood v. Barnes,* 109 F.R.D. 568, 579 (E.D.N.C.1986). Generally, unsavory character or credibility problems will not justify a finding of inadequacy unless related to the issues in the litigation. *See German v. Federal Home Loan Mortgage Corp.,* 168 F.R.D. 145 (S.D.N.Y.1996); *Newberg on Class Actions,* Third Edition, § 3.33 at 3–158. On the other hand, some courts have refused to certify classes where the named plaintiff was guilty of prior fraudulent conduct or would be likely to present incredible testimony. *See Hall v. National Recovery Sys., Inc.,* 1996 WL 467512, at *5 (M.D.Fla.1996); *Amswiss Int'l Corp. v. Heublein, Inc.,* 69 F.R.D. 663, 670 (N.D.Ga.1975); *Cobb v. Avon Products, Inc.,* 71 F.R.D. 652, 654–55 (W.D.Pa. 1976).

More disturbing to the court is the fact that Byes submitted an affidavit in which she states that she "understands" each specific claim in her lawsuit, the class and subclass definitions, and her specific duties as a class representative. The affidavit, in light of Byes' deposition testimony, is clearly false. Given Byes' limited understanding about these proceedings, the court finds it unlikely that she intentionally submitted a false affidavit and more likely that she signed the affidavit at the behest of her attorneys without understanding the significance of doing so. The affidavit indicates to the court that Byes' places blind reliance on her attorneys, but even more so, it reflects poorly on the adequacy of counsel.

Further evidence bearing against the adequacy of counsel relates to the settlement negotiations in this case. It is undisputed that in April, 1996, there was a partial settlement with another defendant in this case, Southern Telecheck, Inc., in the amount of $29,000, plus attorney fees. It is also undisputed that Byes made a settlement offer to the defendants herein in the amount of $170,-000 and that defendants countered with a $15,000 settlement offer, all of which Byes has no knowledge. *See* Depo. at pp. 80–81, 109.

In response to the charge that Byes' attorneys have not communicated with her, her attorney Patrick Breeden submitted affidavits from himself, his employees, and a lawyer formerly associated with his firm which state that it is his practice to send his clients copies of all correspondence and pleadings.[12] Breeden's affidavit states that "he has made a review of these files and that this has been done for the Byes vs. Telecheck case except in about approximately five occasions." Breeden does not explain what the five occasions were. While one could reasonably conclude that settlement documents and settlement offers would be included in copies of "all correspondence and pleadings," Breeden admits that the defendants' written settlement offer in the amount of $15,000 was not copied or communicated to Byes. He argues that defendants' settlement offer of $15,000 was a *de minimis* offer which he had no obligation to convey to Byes.[13] None of the affidavits nor the briefs on this motion specifically state whether counsel communicated to her information about the prior $29,000 settlement (which included $1,000 for Byes as class representative). Nor do they address whether Byes' attorneys ever advised her that they made a settlement offer of $170,000 on the claims at issue here.

The court is aware of authority to the effect that the assent of a representative plaintiff may not be necessary for her attorney to negotiate a class settlement, especially where the named plaintiff has interests antagonistic to the class. *See Kincade v. General Tire & Rubber Co.,* 635 F.2d 501, 508 (5th Cir.1981). This does not mean that an attorney need not advise the representative plaintiff of settlement negotiations. This court finds that class counsel undertakes a responsibility to give the class representative sufficient information to participate intelligently in settlements and/or settlement negotiations, regardless of whether counsel believes the offer is *de minimis,* and to attempt to secure her authority to make settlement proposals on behalf of the class. *See* Rule 1.4 of the Rules of Professional Conduct of the Louisiana State Bar Association.[14]

The absolute obligation to communicate, effectively and accurately, the terms of any offer of settlement for the client's decision is a duty which a lawyer owes to his adversaries and the court as well as his clients. Breach of this obligation should be viewed as 'a blatant disregard of the rules and regulations which permit the judicial machinery to function smoothly.'

*Deadwyler v. Volkswagen of America, Inc.,* 134 F.R.D. 128, 140 (W.D.N.C.1991), *aff'd,* 966 F.2d 1443 (4th Cir.1992).

The adequacy determination is made based on the circumstances of each case. *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 559 (5th Cir.1981). A class representative need not be the best representative of the class, and is not expected to understand every detail of the case. Given Byes' basic understanding of the nature of this suit, the court finds that Byes' lack of knowledge about the proceedings and facts is not *alone* sufficient ground for finding that she is an inadequate representative. The operation of this factor in combination with other adequacy problems in this case does create a situation where many aspects of the decision-making process have been improperly abdicated to the attorneys. Byes is admittedly unaware that she has duties as a class representative. To what extent Byes' lack of knowledge is attributable to her attorneys is not known. Her attorneys submitted an affidavit to the court which defendants have shown to be false. Her attorneys failed to communicate a partial settlement and other

---

12. Byes other attorney, Steve Conley, did not submit any affidavit attesting to his practices regarding communication with clients.

13. Plaintiff's counsel determined that this offer amounted to only $.79 per class member after deducting $5,000.00 for attorney fees, and compared it with their own offer of $170,000.00 less.

14. Rule 1.4 provides that:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) The lawyer shall give the client sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so.

settlement offers to her. Any one of these factors standing alone might not necessarily render Byes or her attorneys inadequate as class representatives. When considered in combination however, the court finds that the requirement of adequacy of representation is not satisfied in this case. *See Butterworth,* 171 F.R.D. at 323 (class action denied where court found plaintiff to be inadequate representative based on her lack of familiarity with the case); *Dalton,* 1996 WL 379105, at *6 (denying class certification of FDCPA suit where plaintiff failed to prove, *inter alia,* adequacy of representation due to lack of familiarity with case); *Hall,* 1996 WL 467512, at *5 (M.D.Fla.1996) (denying class certification of claims brought under FDCPA because, in addition to a lack of typicality, plaintiff was found to be not credible due to criminal convictions).

Having found lack of typicality and adequacy of representation, class certification must be denied, and it is not necessary to address Rule 23(b)(3).

Accordingly,

IT IS ORDERED that plaintiff's Motion for Class Certification is **DENIED.**