Carmela RUFFU, et al., Plaintiffs,

v.

JOHNSON & JOHNSON, INC.,
et al., Defendants.

No. 4:96CV385.

United States District Court,
E.D. Texas,
Sherman Division.

July 24, 1998.

Mark N. Garber, Allen Mark Stewart, Stewart & Garber, P.C., Dallas, TX, for plaintiffs.

Bruce S. Sostek, Thompson & Knight, Dallas, David R. Softness, Harris, Black & Wilcox, L.L.P., Hackensack, NJ, Clyde Moody Siebman, Siebman & Siebman, Sherman, TX, for defendants.

### MEMORANDUM OPINION and ORDER

PAUL N. BROWN, District Judge.

This case involves claims brought by Plaintiffs based on the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., the New Jersey Consumer Fraud Act, and common law claims for unjust enrichment and negligence. Pending before the Court is Plaintiffs' Motion for Class Certification.

### Introduction

Plaintiffs are consumers who purchased Retin–A for the treatment of wrinkles from February 1, 1983 through December 1, 1995. Retin–A was approved for the treatment of wrinkles in December, 1995. Prior to this approval, FDA regulations prevented Johnson & Johnson as the maker of Retin–A from promoting or marketing Retin–A for use for which it had not been approved. Although FDA rules do not restrict exchange of scientific information concerning a new drug or new use in the media, a drug manufacturer

cannot exercise substantive control in the dissemination of this information.

Defendants are (1) Johnson & Johnson Incorporated ("J & J"); (2) Ortho Pharmaceutical Corporation ("Ortho"), a subsidiary of J & J; (3) Alfred M. Kligman ("Kligman"), the person who discovered Retin–A, (4) Manning, Selvage, & Lee, Incorporated; and (5) The Softness Group. The last two Defendants are public relations firms hired by J & J.

Plaintiffs allege that Defendants engaged in a deceptive campaign by which J & J, acting through Ortho, controlled dissemination of information regarding Retin–A's effectiveness in treating wrinkles while making it appear that this information came from independent sources. Plaintiffs are asserting claims based on RICO, the New Jersey Consumer Fraud Act, and common law claims for unjust enrichment and negligence. Plaintiffs seek to certify as a class "all persons who purchased Retin–A as an anti-wrinkle medication from February 1, 1983 through December 1, 1995" pursuant to Federal Rule of Civil Procedure 23.

## PLAINTIFFS' MOTION

### I. RULE 23

#### A. The Applicable Law

Plaintiffs seeking to certify a class have the burden to establish that the requisites for certification are established. *Byes v. Telecheck Recovery Servs. Inc.*, 173 F.R.D. 421, 423 (E.D.La.1997). To be certified, the potential class must satisfy all of the requirements of Federal Rule of Civil Procedure 23(a) and at least one of the subsections of Rule 23(b).

Rule 23(a) provides that:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative

parties will fairly and adequately protect the interests of the class.

To be certified, this action must also satisfy one of the requirements of Rule 23(b). Plaintiffs argue that the class meets the requirements of Rule 23(b)(3) which states that a class action is maintainable if the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Because the Court finds Plaintiffs unable to meet the requirements of Rule 23(b)(3), the Court need not address Rule 23(a).

#### B. Rule 23(b)(3)

##### 1. Do Questions of Law or Fact Common to the Class Predominate Over Any Questions Affecting Only Individual Members?

Plaintiffs argue that common questions predominate because Defendants' conduct is the significant issue and is subject to generalized proof at trial. Plaintiffs contend that the claims in this case do not require proof of typically individualized issues such as specific misrepresentations, materiality, or reliance.

Defendants contend that common questions of law and fact do not predominate because it cannot be assumed that all Retin–A purchasers were exposed to or influenced by any of the media accounts allegedly attributable to Defendants in their decision to purchase Retin–A for the treatment of wrinkles.

The parties contest whether proof of individualized conduct is necessary to prove the predicate acts required to establish liability under RICO and whether individualized proof will be necessary for Plaintiffs to establish standing under RICO. The Court will address each of these arguments separately.

##### (a) The Elements of A RICO Claim

To establish entitlement to recovery under RICO, Plaintiffs must plead and prove that Defendants, through the commission of two or more acts, known as predicate acts, direct-

ly or indirectly invested in or maintained an interest in, or participated in an enterprise which affected interstate commerce. 18 U.S.C. §§ 1961–1968.

### (1) The Alleged Predicate Acts—Elements of Mail and Wire Fraud

Plaintiffs are basing their legal theory of liability under RICO on a type of mail and wire fraud, a "scheme to defraud." Under this theory, Plaintiffs contend that they only need to prove that Defendants' conduct was reasonably calculated to deceive the ordinary person, regardless of whether any fraudulent statements were made. *United States v. Pepper*, 51 F.3d 469, 472 (5th Cir.1995); *Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1130 (5th Cir.1988), *vacated on other grounds*, 492 U.S. 914, 109 S.Ct. 3236, 106 L.Ed.2d 584 (1989). Plaintiffs argue that, under this theory, it does not matter that neither the First Amended Complaint nor the Plaintiffs have identified specific false statements or misleading media accounts. Further, reliance and materiality are not elements of either wire or mail fraud. *Abell*, 858 F.2d at 1129.

To prove mail fraud, Plaintiffs must prove that

> (1) the defendant participated in some scheme or artifice to defraud, (2) the defendant or someone associated with the scheme used the mails or "caused" the mails to be used, and (3) the use of the mails was for the purpose of executing the scheme.

*Id.* The same elements apply to wire fraud. *United States v. Dula*, 989 F.2d 772, 778 (5th Cir.1993).

The Court agrees with Plaintiffs that, at this time, materiality and reliance are not elements of a claim for either wire or mail fraud brought pursuant to RICO. *Abell*, 858 F.2d at 1129; *but cf. United States v. Moser*, 123 F.3d 813, 825 (5th Cir.1997) (assuming, for the purposes of appeal, that materiality was an element of mail fraud and holding that the district court's failure to submit the question of materiality to the jury constituted error). Because Plaintiffs need not prove materiality and reliance to establish the predicate acts for their RICO claims, Defendants' argument on this ground fails.

### (2) RICO Standing

Defendants argue that individual questions of law and fact will predominate in determining whether the Plaintiffs have standing to bring the RICO claims asserted in this suit. In *Holmes v. Securities Investor Protection Corporation*, the Supreme Court clearly stated that proximate cause is required for RICO standing. 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992).

In order to establish standing under Section 1964(c), a plaintiff must show (1) a violation of Section 1962; (2) an injury to his business or property; and (3) that his injury was proximately caused by a RICO violation. *Khurana v. Innovative Health Care Sys., Inc.*, 130 F.3d 143, 147 (5th Cir.1997). A direct injury limitation is among the requirements of Section 1964(c). *Id.* The Court finds that Plaintiffs meet the Rule 23(b)(3) commonality test regarding the first two prongs of the standing test, however, they stumble when they reach the third prong.

"The pertinent inquiry in determining the existence of proximate, or 'legal' cause is, 'whether the conduct has been so significant and important a cause that the defendant should be held responsible.'" *Khurana*, 130 F.3d at 148, *citing Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 336 (4th Cir.1996).

The application of the proximate cause standard does not require Plaintiffs to prove reliance or materiality. But there must be some proof that, among other things, "the defendant[s'] acts [were] a substantial factor in the sequence of responsible causation, and the factual directness of the causal connection." *Id.* at 149. It cannot be assumed that each member of the proposed class of over 100,000 purchased Retin–A because of Defendants' alleged conduct. Consumers may have purchased Retin–A for various reasons, including the recommendation of a friend or information derived from a variety of sources other than Defendants.

Plaintiffs argue that class-wide injury can be proven by evidence that Defendants' marketing scheme increased Retin–A sales by

$60 million per year. This is insufficient to prove "some direct relation between the injury asserted [the purchase of Retin–A] and the injurious conduct alleged [the media campaign]." *Holmes,* 503 U.S. 258, 112 S.Ct. at 1318.

In order to satisfy Section 1964(c), each member of the proposed class would need to demonstrate proximate causation under *Holmes* and *Khurana, supra.* This precludes a finding that questions of law or fact common to the class predominate over questions affecting only individual members. *Castano v. American Tobacco Co.,* 84 F.3d 734, 740 (5th Cir.1996) (stating that when the plaintiff's conduct individualizes each case, class certification will be inappropriate); *Young v. Ray Brandt Dodge, Inc.,* 176 F.R.D. 230, 233 (E.D.La.1997).

### C. Plaintiffs' State Law Claims

Plaintiffs also ask the Court to certify their claims brought under the New Jersey Consumer Fraud Act and common law claims for negligence and unjust enrichment. Because the RICO claims are not appropriate for class certification, the Court declines to certify a class based on the state law claims. *Martin v. Dahlberg, Inc.,* 156 F.R.D. 207, 218 (N.D.Cal.1994) (declining to certify a class based solely on state law claims when the only basis for federal claims were not appropriate for class treatment).

### CONCLUSION

Because Plaintiffs are unable to meet the requirements of Federal Rule of Civil Procedure 23, Plaintiffs' Motion for Class Certification should be denied.

IT IS SO ORDERED.